IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEREMIAH GOODWIN, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>MRS. VANBURN, *et al.*, )<br>    Defendants. ) | Civil Action No. 7:22-cv-00164<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Jeremiah Goodwin, proceeding *pro se*, is currently housed at Central State Hospital, but his claims in this case arise from when he was housed at the Northwestern Regional Adult Detention Center (NRADC), possibly as a pretrial detainee.[1]  Goodwin has filed six civil rights complaints in this court over the past year.  Three of them were dismissed because he failed to provide the financial information needed by the court to evaluate his requests to proceed *in forma pauperis* or otherwise failed to comply with the court's orders.[2]  One was dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim for which relief could be granted.  *Goodwin v. Individuals Involved*, No. 7:21cv00367 (W.D. Va. Nov. 4, 2021).

The other two cases remain pending, including this one.[3]  Notably, there are some overlapping allegations between the two and some of his allegations or claims in these case overlap with some of the dismissed cases, as well.  In this case, the matter is before the court for

---

[1] It is unclear from his various complaints whether he was a pretrial detainee or a convicted prisoner at the time of these events.  Because the pretrial detainee standards are more favorable to him, the court treats him as a pretrial detainee for purposes of this opinion.

[2] Those cases are: (1) *Goodwin v. Northwestern Regional Adult Detention Center*, No. 7:21-cv-00481 (W.D. Va. Oct. 21, 2021); (2) *Goodwin v. Dog Handler*, No. 7:21-cv-00408 (W.D. Va. Dec. 9, 2021); and (3) *Goodwin v. Tyler*, No. 7:22-cv-00175 (W.D. Va. Apr. 26, 2022).

[3] The other pending case is *Goodwin v. Vanburn*, No. 7:22cv00136 (W.D. Va.).

review pursuant to 28 U.S.C. § 1915A(b)(1), and the court will focus only on the allegations in the complaint before it, even though there may be related allegations in other cases.

For the reasons set forth below, the court concludes that Goodwin has failed to state a claim for which relief can be granted, and his claims must be summarily dismissed. However, because it is possible that he may be able to state sufficient additional facts to state a claim against defendant Vanburn, the court will dismiss the complaint without prejudice and allow Goodwin to file an amended complaint against only that defendant within thirty days, should he so choose.

I.  BACKGROUND

It is unclear to the court exactly what claims Goodwin is asserting in his complaint. He names as defendants "NRADC, Miss Vanburn/Mental Health/[Correctional Officers]." (Compl. 1, Dkt. No. 1.) He lists minimal facts where the complaint form has space for a Claim #1 and a Claim #2. The entirety of the complaint's factual allegations are as follows:

> Claim #1: "I'm a Christian. Miss Vanburn is a spychologist.[4] She wouldn't let me have church. She put leprocan [sic] meat in my canteen and took out Hometown Select Meet [sic].
>
> Claim #2: "She did witchcraft, sexually assaulted me with [Correctional Officers]. The [Correctional Officer] Taylor said he was going to put his [penis] in my mouth while [I was] tied to chair. She made my mental health worse."

For relief, Goodwin wants "all my Hometown Select meat returned no 666 plus a bunch of money 7 something." (*Id.* at 2.) He also attached a letter to his complaint that does not indicate to whom it is addressed, but based on its content, it appears to be addressed either to the court or the Clerk. In its entirety, that letter states:

---

[4] It is unclear if this spelling is an accidental misspelling of psychologist or if Goodwin is intentionally attempting to refer to Vanburn as a "spy."

2

> I'm going to have to ask you to stop playing the game of making it difficult. I told you everything I could about Frederick County Police using excessive force and attacking my leg with the dog. The Judge will not give me officers' names. So your court will have to do it. So, please continue with the police excessive force claim, [too.]
>
> I haven't been able to go to church at all at Jail and they beat me up a couple times. I'm not playing this game. I'll get God to burn Winchester to hell with the bright morning star like Sodom and Gamora since Cos want [to] put their wieners in prophet's mouths. [sic]

(*Id.* at 3.) At the bottom of the letter, there is another reference to "Hometown Select" followed by an illegible word.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted).  Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Goodwin's complaint, the court concludes that it fails to state a claim for which relief can be granted. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**A.  Claims against NRADC and unidentified mental health staff or correctional officers**

As an initial matter, the only proper defendant named by Goodwin is Vanburn. With

3

regard to any claim against NRADC, a detention center or jail is not a "person" subject to suit under § 1983 or a legal entity, and Goodwin cannot maintain this action against NRADC. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (holding that a jail is not a "person" under § 1983 and also "lacks the capacity to be sued").

Likewise, to the extent Goodwin is attempting to name unidentified individuals that work in the mental health department of NRADC or are correctional officers, he must name specific individuals and must state what each one personally did. "To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Goodwin's claims against unidentified persons, especially because he does not even allege any specific actions by any of them, fail to state a claim for which relief can be granted and must be dismissed.

**B. Claim Against Correctional Officer Taylor**

Goodwin does not explicitly list Correctional Officer Taylor as a defendant. He alleges, however, that Taylor "said he was going to put his [penis] in [Goodwin's] mouth" while

Goodwin was tied to a chair.[5] Even if he had named Taylor as a defendant, the alleged statement by Taylor does not state a constitutional violation. As a pretrial detainee, a claim of excessive force is governed by the Fourteenth Amendment, rather than the Eighth Amendment. *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015). But to prevail, a detainee still must show that "the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396–97. And verbal harassment, even harassment that is sexual in nature, does not satisfy that standard. *Cf. Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (holding that allegations of verbal abuse and harassment, without any physical contact, fail to state a claim of constitutional magnitude); *Snodgrass v. Messer*, No. 7:16CV00050, 2017 WL 975992, at *5 (W.D. Va. Mar. 10, 2017) (granting motion to dismiss where defendant was alleged to have repeatedly made comments of a sexual nature toward plaintiff), *aff'd*, 694 F. App'x 157 (4th Cir. 2017). Accordingly, even if Goodwin had named Correctional Officer Taylor as a defendant, any claim against Taylor must be dismissed.

**C. Claims Against Vanburn**

Vanburn is the only individual who Goodwin specifically names as a defendant. It appears that he is asserting a claim that Vanburn somehow interfered with his First Amendment religious rights, either by not allowing him to attend church or by substituting leprocan meat, which the court interprets as a reference to "leprechaun." His conclusory claim that she "sexually assaulted" him may be an attempt to state an excessive force claim, and he may also be bringing a claim based on deliberate indifference toward his medical needs, which, as a pretrial detainee, would be brought under the Fourteenth Amendment. *Moss v. Harwood*, 19 F.4th 614,

---

[5] This allegation also appears in several of Goodwin's other complaints.

624 (4th Cir. 2021). But he simply does not provide sufficient factual allegations to state any of these claims.

As to the religion-based claim, Goodwin alleges that he is a Christian and that she has not allowed him to attend church or has substituted his meat with "leprocan" meat. He does not explain whether attending church is central to his Christian faith, how often he must attend, or even that it substantially burdens his religion to not be able to attend, as he must to state a First Amendment violation. *See Wilcox v. Brown*, 877 F.3d 161, 168 (4th Cir. 2017) (explaining that a prisoner pleads a violation of the Free Exercise Clause by alleging facts showing that defendants imposed a substantial burden on his religious exercise, *i.e.*, they "put substantial pressure on [him] to modify his behavior and to violate his beliefs"). He also fails to describe or explain what Vanburn herself has done to prevent him from attending church. Similarly, he does not explain how eating a certain type or brand of meat ties into his religion, or whether his Christianity requires him to eat a certain type of or brand or meat. Furthermore, any assertion that Vanburn—or anyone—has served him "leprechaun meat" is patently absurd and frivolous.[6]

With regard to a claim that Vanburn was deliberately indifferent toward his mental health needs, he does not identify what mental health needs he has or what mental disorder he has, nor does he otherwise identify a serious medical need. He also fails to provide any details at all about Vanburn's treatment of him or alleged failure to treat him, other than that she "made [his] mental health worse." (Compl. 2.) His allegations fall far short of stating a constitutional violation, as he has not identified with any specificity a serious medical need or a failure to treat one. *Cf. Moss*, 19 F.4th at 624 & n. 4 (explaining that a pretrial detainee's claim of deliberate indifference to a medical need is brought under the Fourteenth Amendment, and—regardless of

---

[6] It is unclear if his allegations about Vanburn's allegedly practicing witchcraft are related to Goodwin's religious claims, but these allegations, too, contain no detail and fail to state a constitutional violation.

whether the Supreme Court or the Fourth Amendment extends *Kingsley v. Henderson* to deliberate indifference claims, thereby eliminating the subjective component—a plaintiff must at least meet the objective component of deliberate indifference, which is that the defendant's conduct put him at a substantial risk of serious harm).

Similarly, Goodwin's conclusory allegation that Vanburn "sexually assaulted" him, without his providing any explanation as to when or where this occurred or what she did that constituted a sexual assault, fails to state a claim. For these reasons, all claims against Vanburn must be dismissed for failure to state a claim.

### D. Statements in Attached Letter

The court also briefly addresses Goodwin's statements in his attached letter. The first paragraph appears to relate to the dismissal of his claims in *Goodwin v. Dog Handler*, Case No. 7:21-cv-408 (W.D. Va.). In that case, Goodwin's complaint alleged that some Frederick County police officers used excessive force in arresting him, including using a K-9 dog to bite him. *Id.*, ECF No. 1 (Compl.) The court gave him several chances to identify a defendant by name, *id.*, ECF Nos. 11, 13, but Goodwin failed to file any amended complaint naming a proper defendant. That case was dismissed based on his failure to comply with the court's directions. *Id.*, ECF No. 14 (December 9, 2021 order dismissing case without prejudice).

The court is not "playing a game" as Goodwin accuses, nor is the court attempting to make it difficult for Goodwin to bring any valid claims he may have. But as he previously was advised, the court does not identify defendants for a plaintiff; that is something he must do. *Id.*, ECF No. 13 (Nov. 5, 2021 order) (denying Goodwin's request for the court or clerk to contact his attorney or the Frederick County court to get documents or records in order to identify defendants and explaining options available to him for seeking that information). Regardless,

this entire first paragraph of his letter does not relate to the claims in this case. If he wants to seek relief from the court related to *another* case, he must file a motion and include the specific case number he is referencing, so that the Clerk will be able to file it in the proper case.

The second paragraph of Goodwin's attached letter reiterates (without any additional detail) a few of his claims and then threatens to "get God to burn Winchester to hell . . . ." The court has considered the factual allegations in reviewing his complaint. The remainder of that paragraph requests no relief from the court and the court will not address it further.

### III. CONCLUSION

For the foregoing reasons, the court will summarily dismiss Goodwin's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state a plausible claim or claims against Vanburn, the court will dismiss those claims without prejudice and allow him an opportunity to file an amended complaint asserting claims only against her, if he so chooses.

 An appropriate order will be entered.

Entered: April 27, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge