IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEREMIAH GOODWIN,<br>　　Plaintiff,<br><br>v.<br><br>MRS. VANBURN, *et al.*,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 7:22-cv-00164<br><br><br>By: Elizabeth K. Dillon<br>　　United States District Judge |

**MEMORANDUM OPINION**

Jeremiah Goodwin, an inmate in the custody of the Virginia Department of Corrections and proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. By memorandum opinion and order entered on April 27, 2022, the court dismissed this case in its entirety. (Dkt. Nos. 7, 8.) With regard to one of the defendants—Mrs. Vanburn—the court dismissed the claims against her without prejudice, noting that Goodwin had failed to allege adequate factual matter to state a claim against her. But the court granted Goodwin the opportunity to file a motion to reopen along with an amended complaint asserting claims against Vanburn only, if he believed he could remedy the deficiencies identified by the court. On May 9, 2022, the Clerk received what purports to be an amended complaint in this case, and which the Clerk has docketed as a motion to amend the complaint. (Dkt. No. 9.)

The court has reopened the case for the limited purpose of allowing the court to consider Goodwin's amended complaint and to review it pursuant to 28 U.S.C. § 1915A(b)(1). (*See* Dkt. No. 10.) Notably, however, the amended complaint fails to correct the deficiencies previously identified by the court. Accordingly, the amended complaint, too, must be dismissed for failure to state a claim.

Goodwin's amended complaint names as defendants the "Frederech [sic] County Sheriffs office and others [illegible]." (Am. Compl. 1, Dkt. No. 9.) In their entirety, the facts in the

amended complaint state, "Had my hands up. Then I called the dog and the officers and I had a call the dog challenge. Then the dog bit my leg. They had done hit me several times after I surrendered." (*Id.* at 2.)

First of all, the amended complaint does not contain any claim against Vanburn, which is the only defendant Goodwin was permitted to name in his amended complaint in this suit, nor does he allege any actions or omissions by her. His amended complaint is thus subject to dismissal for failing to comply with the court's directions.

Furthermore, his allegations appear to be similar to allegations he has asserted in another case before this court, *Goodwin v. Dog Handler*, Case No. 7:21-cv-408 (W.D. Va.) As the court explained in its prior opinion, that case was dismissed after Goodwin was given several opportunities to identify a defendant by name, but Goodwin failed to file any amended complaint naming a proper defendant. (Dkt. No. 7 at 7.)

Even if the court were to consider his allegations anew against defendants other than Vanburn, though, Goodwin has failed to name a proper defendant, or to identify what any particular individual did that violated his constitutional rights. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (noting that liability under § 1983 is "personal, based upon each defendant's own constitutional violations") (internal citation omitted). Moreover, no legal entity with the name Frederick County Sheriff's Office exists; Virginia merely authorizes and identifies the duties of a sheriff and his deputies. *Cf.* Va. Code Ann. §§ 15.2-1609, 15.2-1609.1. Even if plaintiff had named the sheriff himself, a sheriff in Virginia is an "arm of the State" for purposes of the Eleventh Amendment and is entitled to Eleventh Amendment immunity from suit. *Bland v. Roberts*, 730 F.3d 368, 390–91 (4th Cir. 2013); *see also Cadmus v. Williamson*, No. 5:15-cv-045, 2016 WL 1047087, at *4–*5 (W.D. Va. Mar. 10, 2016) (dismissing with prejudice claims for money damages against the sheriff in his official capacity). "[A]n entity with Eleventh

Amendment immunity is not a 'person' within the meaning of § 1983." *Howlett v. Rose*, 496 U.S. 356, 365 (1990).  Thus, to the extent Goodwin is seeking money damages against the sheriff in his official capacity, such claims are subject to dismissal.  And Goodwin does not identify any action that the sheriff personally took that or any personal involvement by him that could give rise to a claim against him in his individual capacity.  For all of these reasons, Goodwin has failed to state a claim under § 1983.

For the foregoing reasons, the court has reopened Goodwin's case and has reviewed his amended complaint.  Upon review, however, his factual allegations still fail to state a claim for which relief can be granted, and his amended complaint will therefore be dismissed without prejudice.

An appropriate order will be entered.

Entered: July 1, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge